JENNIE A. SAVARD, APPELLANT, V. PHYSICIANS CASUALTY
COMPANY, APPELLEE.

FILED MARCH 28, 1933. No. 28479.

*W. A. Ehlers,* for appellant.

*W. W. Slabaugh, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY,
DAY and PAINE, JJ.

PAINE, J.

This is an action for a judgment for $793.50, based
on a failure of the defendant, appellee, under section 20-
1030, Comp. St. 1929, to make answer in garnishment
proceedings, and for surrendering money in its possession
to the debtor after it was served with a garnishment
summons. Jury was waived, and judgment was entered
for the defendant. Plaintiff appeals.

Jennie A. Savard secured judgment against Velva F.
Betts and her father, now deceased, upon June 26, 1926,
and filed transcript thereof in the district court for Doug-
las county, and upon May 13, 1931, served a garnishee

summons upon the defendant corporation, which summons directed the defendant to appear in district courtroom No. 1 upon June 15, 1931, at 9:30 a. m., and make answer touching the goods, chattels, rights, and credits of Velva F. Betts in its possession or control, and said summons was accompanied by the statutory fee of $3.

Upon June 12, 1931, Miss Betts, the judgment debtor, who was an employee of the defendant company, filed her petition in voluntary bankruptcy, and the next day she was adjudicated a bankrupt, which adjudication, it is insisted by the appellee, rendered void *ab initio* the whole garnishment proceedings.

The garnishee, defendant, paid to Miss Betts $83.33, being one-half of her month's salary, upon May 15, 1931, and upon June 1 made another payment upon her salary in the same sum.

At the time required by the garnishee summons, the garnishee appeared, as commanded in the summons, before Honorable Fred A. Wright, district judge. The attorney for Miss Betts thereupon announced to the court that she had been adjudicated a bankrupt two days prior thereto, and insisted that the district court was without jurisdiction to hear or receive the answer of the garnishee, and the court agreed with this contention. The garnishee was present by its secretary-treasurer, but he was not asked any questions by the court or counsel, and made no answer, either oral or in writing, nor did he refuse to make any, nor did he ask for any instructions from the court. The court, on its part, did not make any entry in any docket concerning the garnishee. There is no material dispute as to these facts in the record.

Upon trial of the case at bar, founded upon the facts set out, a jury having been waived, the court found generally in favor of the defendant, and entered judgment that the defendant go hence without day and recover its costs. Motion for new trial being overruled, the judgment was appealed to this court. The errors relied upon by the appellant are: That the court erred in overruling

plaintiff's motion to strike from the defendant's answer all allegations concerning the bankruptcy of Velva F. Betts, on the ground alleged that they do not constitute a defense available to the defendant; and, further, that the court erred in receiving in evidence the certified copy of her adjudication in bankruptcy; and, further, that the court erred in rendering judgment for the defendant under section 20-1030, Comp. St. 1929. Appellant also insists that the court erred in holding that the statutory liability imposed by said section 20-1030 upon a garnishee who fails to answer, or to hold money of the judgment debtor until final disposition by the court, could not be enforced, for the reason that the judgment debtor had been adjudicated a bankrupt under section 67 (f), ch. 7 of the bankruptcy act. Appellant further insists that, where a garnishee appears as directed in the garnishee summons, but does not answer orally or in writing, or request an order releasing it from liability for money in its possession, and no such order is made, the court erred in failing to hold said garnishee, and erred in releasing the garnishee from liability under the statute for payments made after such garnishee summons was served upon him.

The appellee, in paragraph 3 of its answer filed in the district court, set out the bankruptcy proceedings, and alleged that said garnishment was, by the adjudication in bankruptcy, entered June 13, 1931, wholly dissolved and rendered void, as provided in chapter 7, sec. 67, clause (f) of the bankruptcy law of the United States, which said clause provides as follows:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudicated a bankrupt, and the property affected shall be deemed wholly discharged and released." 30 U. S. St. at Large, p. 564.

It is provided in 2 Collier on Bankruptcy (13th ed.) 1591, that an order of a court of bankruptcy, relating to

the moneys collected under a garnishee order, is not an unauthorized interference with the process of a state court. Money collected under garnishee order, · issued against the salary of the bankrupt during the four months' period, belongs to the trustee, but that collected prior to such period should be paid to the judgment debtor. The trustee may sue to recover the money garnisheed, and the right to recover will not be affected by his failure to intervene in the action in which the judgment was obtained upon which the writ was issued.

The same contention made here by the appellant has been before this court in the case of *Hall v. Chicago, B. & Q. R. Co.*, 88 Neb. 20, in which it was held that the bankruptcy laws are binding upon the state courts, and that an adjudication in bankruptcy of an insolvent debtor is a complete defense to the enforcement of judgments rendered by state courts against a garnishee within four months of the filing of the debtor's petition in bankruptcy.

In the case of *Farmers & Merchants Nat. Bank v. Mosher*, 68 Neb. 713, it was held that a garnishee, turning over money upon the order of the principal debtor, is liable to the creditor therefor, and it is contended by the appellant in this case that the defendant garnishee should have turned over the two semimonthly payments of salary to the plaintiff. This would be true if the bankruptcy court had not intervened.

A garnishee, who has duly appeared in court in response to a garnishee summons, is to be governed as to garnisheed funds in his hands by the directions and orders of the court, made as provided in section 20-1029, Comp. St. 1929. If the court finds that such garnishee proceedings attempt to hold funds within the four months' period prior to the adjudication in bankruptcy of the judgment debtor, and makes no order affecting the garnishee, this releases the garnishee from the summons.

Under the bankruptcy law, which state courts are bound to respect, all garnishee proceedings in this case were rendered null and void, and upon the date the garnishee

was commanded to appear in court, the state court was powerless to make any order, and the garnishee was thereby released, for the bankruptcy court had taken charge of the debtor and her assets and liabilities. *Anderson v. Billingsly*, 46 S. Dak. 17, 25 A. L. R. 96.

Even the original judgment, upon which the garnishee proceedings were based, had ceased to be effective, because of its having been duly listed by the bankrupt, and the adjudication in bankruptcy duly entered thereon. Therefore, the garnishee summons, based on the original judgment, and all power and rights under it cease.

There being no error in the action and judgment of the district court, the same is hereby

AFFIRMED.